**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRAKSA**

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO.      10-80713 |
| | ) | |
| Mark Whetstone | ) | |
| Karil Whetstone | ) | **CHAPTER 13 PLAN** |
| | ) | |
| Debtor(s). | ) | |

### 1.  PAYMENTS

The Debtor or Debtors (herinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the plan (unless otherwise specified by law) as follows:

| | No. of monthly pmts. made to date: | | | | Total paid to date: | $0 |
|---|---|---|---|---|---|---|
| | | | | Pmt. Amt | start date: | |
| A. Payment(s) | 1 | to | 60 | $170 | 04/11/10 | $10,200 |
| B. Payment(s) | | to | | | | |
| C. Payment(s) | | to | | | | $0 |
| D. Payment(s) | | to | | | | $0 |
| | | | | | Base amount: | $10,200 |

| | | |
|---|---|---|
| The payment shall be withheld from the Debtor's paycheck: | Yes: _____ | No:  X |
| Employee's name whose payroll is deducted: | Debtor: | Co-Debtor: |
| Employer's name. address. city. state, phone: | | |

| | |
|---|---|
| Special Notes: | *Debtor is a governmental official who works for Homeland Security.  Due to the nature of his position he requests permission to pay the Trustee directly.* |
| Amended Plan Notes (if applicable): | This plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior plan filed in this case. |
| Debtor is paid: | Co-debtor is paid: |

**NOTE:  PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLANS REQUIRING PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS.  IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIER CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS.  IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PETITION.  THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOY DEDUCTION BEGINS.**

### 2.  ORDER OF PAYMENT OF CLAIMS

Applicable Trustee fees shall be deducted from each payment made by the Debtor(s) to the Trustee.  Claims shall be paid in the following order:
1)  11 U.S.C. 1326(a)1)(B) & C pre-confirmation payments for adequate protection or leases of personal property: 2) payments to secured creditors under 11 U.S.C. 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, 11 U.S.C. 507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation, 3)  Other administrative expense under 11 U.S.C. 503:
4) Other priority claims in the order specified in 11 U.S.C. 507(a) including post-petition tax claims under 11 U.S.C. 1305:
5) Co-signed consumer debts; 6) General unsecured claims. Unless otherwise noted, claims within each class shall be paid pro-rata.
If funds remain after payment of specific monthly payments provided for in the plan, the Chapter 13 Trustee may distrubte those funds to secured creditors in payment of their allowed secured claims.

### 3.  11 U.S.C. 1326(a)  PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS

The following pre-confirmation adequate protection payments on claims secured by personal property, pre-confirmation lease payments for leases of personal property and co-signed debts shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee. Creditors must file a proof of claim to receive payment.  Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period.  Post-confirmation payments are provided for below in Paragraphs 6 and 7 of this plan.

| Creditor's Name and Full Address | Last Four Digits of Account Number | Date of Next Payment Due | Payment Amount |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### 4.  ADMINISTRATIVE CLAIMS

Trustee fees shall be deducted from each payment disbursed by the Trustee.

  *  Debtor(s)' Attorney shall file a separate fee application requesting fees and costs.

| Total Fees Requested | Fees Received Prior to Filing | Balance of Fees to be Paid in Plan |
|---|---|---|
| * | * | * |

| Total Costs Requested | Costs Received Prior to Filing | Balance of Costs to be Paid in Plan |
|---|---|---|
| * | * | * |

**ATTORNEY FEES AND COSTS ALLOWED SHALL BE PAID PRIOR TO PAYMENT OF SECURED CLAIMS LISTED IN PARAGRAPH NUMBER 6.**

### 5. PRIORITY CLAIMS

11 U.S.C. 1322(a) provides that all claims entitled to priority under 11 U.S.C. 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for priority claims under 11 U.S.C. 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

**A) Domestic Support Obligations:**
 1)  X  None. If none, skip to Priority Taxes.
 2)  The name(s), address(es) and phone number(s) of the holder of ANY domestic support obligation as defined
   in 11 U.S.C. 101(14A):

#### DEBTOR

| Name | Address. City and State | Zip Code | Telephone |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

#### CO-DEBTOR

| Name | Address. City and State | Zip Code | Telephone |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

 3) The debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

**B) Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. 507(a)(1)(A):**
 1)  X  None. If none, skip to subparagraph C below.
 2) Name of holder of Domestic Support Obligation Arrearage Claim, estimated arrears & monthly payment.

#### DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate. if any | Monthly payment on arrearage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

#### CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Interest rate. if any | Monthly payment on arrearage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**C) Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. 507(a)(1)(B):**
 1)  X  None. If none, skip to Priority Tax Claims.
 2) Name of Creditor, estimated arrearage claim and any special payment provisions:

#### DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate. if any | # of months | Payment amt. if any |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

#### CO-DEBTOR

| Name of Creditor | Estimated Arrearage Claim | Provision for Payment | Interest rate. if any | # of months | Payment amt. if any |
|---|---|---|---|---|---|
| | $0.00 | | 0.00% | 60 | $0.00 |
| | $0.00 | | 0.00% | 60 | $0.00 |

**D) Priority Tax Claims Including Post-Petition Tax Claims Allowed under 11 U.S.C. 1305**

| Federal: | $800.00 | State: | $0.00 | Other: | | $0.00 | Total: | $800.00 |
|---|---|---|---|---|---|---|---|---|

**E) Chapter 7 Trustee Compensation allowed under 1326(b)(3):**

| Amount Allowed | Monthly Payment (Greater of $25 or 5% of Monthly Payment to unsecured creditors) |
|---|---|
| $0.00 | $0.00 |

**F) Other Priority Claims:**                 Amount:   $0.00

*6. SECURED CLAIMS*

**A-1)  Home Mortgage Claims (including claims secured by real property which the debtor intends to retain)**
Unless otherwise provided in this plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments
ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim.
Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest and in equal monthly payments as specified below.
The amount of arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

**\*  ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY
PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

Description or address of property:

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated pre-petition arrearage | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mtg | 9105 Nina St, Omaha, NE 68124 | $2,000.00 | 5.25% | 5.25% | * | $2,298.37 |
| 0 | 9105 Nina St, Omaha, NE 68124 | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | 9105 Nina St, Omaha, NE 68124 | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | | * | |
| | | | | | * | |
| | | | | | * | |
| | Totals: | $2,000.00 | | | | $2,298.37 |

**A-2)  The following claims secured by real property shall be paid in full through the Chapter 13 Plan:**
Description or address of property:

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Estimated amount to be paid through plan before interest | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |

**A-3)  The following claims secured by real property shall be bifurcated into secured and unsecured portion.  The secured portion shall be paid in full through
the Chapter 13 Plan.  The unsecured portion shall be paid pursuant to the terms of paragraph 9 herein.**

| NAME OF CREDITOR | PROPERTY DESCRIPTION | Secured claim amount to be paid through plan before interest | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | Total Secured Payments plus interest |
|---|---|---|---|---|---|---|
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | $0.00 | 0.00% | 0.00% | * | $0.00 |

**B)  Post-Confirmation Payments to Creditors Secured by Personal Property.**  Post-confirmation payments to creditors holding claims
secured by personal property shall be paid as set forth in subparagraphs (1) and (2).  If the Debtor elects a different method of payment, such provision
is set forth in subparagraph (3).

**1)  Secured Claims to which 11 U.S.C. 506 Valuation is NOT applicable:**

Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle,
incurred within 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any
other thing of value," incurred within one year prior to filing of the bankruptcy.  These claims will be paid, with interest,
as provided below and in equal monthly payments as specified below:

**\*  ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY
PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL**

| Name of Creditor | Property Description | | | FIRST LINE: fair market value of property | Pre-confirmation Interest Rate & Maximum dollar amt. | Post-confirmation interest | Monthly payment amount | ESTIMATED Total |
|---|---|---|---|---|---|---|---|---|

| | | | | SECOND LINE: Est. claim amt | Limit, if any | rate | | Payments plus interest |
|---|---|---|---|---|---|---|---|---|
| | | | | $0.00 | | | | |
| 0 | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | . | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| 0 | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |

Totals:          $0.00

**2) Secured Claims to which 11 U.S.C. 506 Valuation is applicable:**

Claims listed in this subsection are debts secured by personal property not described in the prior paragraph of this plan,
6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with
interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the
secured property will be treated as an unsecured. The value of the secured property is determined by the proof of claim, subject to the
right of the debtor to object to such valuation.

**\*  ALL SECURED CREDITORS LISTED IN PARAGRAPH 6 SHALL BE PAID ON A PRO-RATA BASIS IN EQUAL MONTHLY
PAYMENTS, AFTER ATTORNEY FEES AND COSTS LISTED IN PARAGRAPH 4 HAVE BEEN PAID IN FULL.**

| Name of Creditor | Property Description | | | FIRST LINE: fair market value of property SECOND LINE: Est. claim amt | Pre-confirmation Interest Rate & Maximum dollar amt. Limit, if any | Post-confirmation interest rate | Monthly payment amount | ESTIMATED Total Payments plus interest |
|---|---|---|---|---|---|---|---|---|
| | | | | $0.00 | | | | |
| 0 | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |
| | | | | $0.00 | | | | |
| | | | | $0.00 | 0.00% | 0.00% | * | $0.00 |

Totals:          $0.00

**3) Other provisions:**

**C) Surrender of Property**

**1)        CLAIMS IN WHICH 11 U.S.C. 506 APPLIES:**

The Debtor surrenders any interest in the following collateral. Any secured claim filed by the below creditors will be deemed satisfied in
full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate
order of the Court.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |
| | |

**2)        CLAIMS IN WHICH 11 U.S.C. 506 DOES NOT APPLY (See hanging paragraph off of 11 U.S.C. 1325(9))**

The Debtor surrenders any interest in the following collateral and the entirety of the creditor's will be deemed satisfied in
full through surrender of the collateral. NO FURTHER AMOUNTS WILL BE PAID TO THE FOLLOWING CREDITORS:
Debtor will object to the allowance of any secured or unsecured claim filed by the creditor.

| Collateral to be surrendered | Name of Creditor |
|---|---|
| | |
| | |

**D) Lien Avoidance**
The Debtor shall file a Motion to Avoid the lien of the following creditor(s):

| Name of Creditor | Amount owed | Property upon which debtor will seek to avoid lien |
|---|---|---|
| | $0.00 | |
| | $0.00 | |
| | $0.00 | |

7. *EXECUTORY CONTRACTS / LEASES*

   A) The Debtor rejects the following executory contracts:

| Name of Creditor | Property subject to executory contract |
|---|---|
| | |
| | |
| | |

   B) The Debtor assumes the executory contract / lease referenced below and provides for the regular contract / lease payment to be included in the Chapter 13 Plan. Any pre-petition arrearage will be cured in monthly payments as noted below:

| Name of Creditor | Property subject to executory contract / lease | Estimated Arrearages on contract as of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of the date of filing | Amount of regular contract payment | Due date of regular contract payment | Total Payments (arrears + regular contract payments) |
|---|---|---|---|---|---|---|---|
| | | | $0.00 | 0 | $0.00 | | $0.00 |
| | | $0.00 | $0.00 | 0 | $0.00 | | $0.00 |
| | | $0.00 | $0.00 | 0 | $0.00 | | $0.00 |

8. *CO-SIGNED UNSECURED DEBTS*

   A) The following co-signed debts shall be paid in full at the contract rate of interest from petition date.

| Name of Creditor | Estimated Amount Due | Contract Rate of Interest | Total Due |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

9. *UNSECURED CLAIMS*

The unsecured creditors shall be classified pursuant to Bankruptcy Code Sec. 1322(b)(1) in the following manner:

Unsecured creditor class 1:
   Description/treatment of sub-class:

| Name: | N/A | Claim: | Int. rate: | Total: |
| Name: | N/A | Claim: | Int. rate: | Total: |
| Name: | N/A | Claim: | Int. rate: | Total: |

Unsecured creditor class 2:
   All remaining allowed unsecured claims shall be paid prorata of all remaining funds.

10. *ADDITIONAL PROVISIONS*

   A) If there are no resistances / objections to confirmation or approval of this plan or after all objections are resolved. the Court may confirm the plan without further hearing.

   B) Property of the estate. including the Debtor's current and future income. shall revest in the Debtor at the time a discharge is issued. and the Debtor shall have sole right to use and possession of property of the estate during pendency of this case.

   C) In order to obtain distributions under the plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

   D) Unless otherwise provided in this plan or ordered by the Court, the holder of each allowed secured claim provided for by the plan shall retain its lien securing such claim as provided in 11 USC 1325(a)(5)(B)

   E) Other provisions, if any:

   Dated:    03/18/10 .

                              BY: /s/ Wesley H. Bain
                                  Wesley H. Bain. #23620
                                  John Turco Law Offices
                                  2580 South 90th St.
                                  Omaha. NE 68124
                                  (402) 933-8600
                                  Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

IN THE MATTER OF:                  )    CASE NO:    10-80713
                                     )
Mark Whetstone                )    CHAPTER 13
Karil Whetstone          ,    )
                                   )
             Debtor(s).       )

**NOTICE OF FILING
CHAPTER 13 PLAN
AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS**

TO:  All Creditors and Interested Parties:

You are hereby notified that the Debtor(s) herein has (have) filed a
CHAPTER 13 PLAN, a copy of which is attached hereto.

**You are further notified that any resistance to the Plan must be filed no later
than    5/11/2010    with the Clerk of the Bankruptcy Court,
111 South 18th Plz., Ste 1125, Omaha, Nebraska, 68102-1321**               .

A copy of said resistance shall be served upon the undersigned Attorney.  If no resistances
are filed, then the Plan shall be approved without further hearing.  If a timely resistance or request
for hearing is filed and served, the Debtor has until         5/25/2010  to file a response with
the Court.  All responses shall set forth specific factual and legal details and conclude with a request
for relief.  Any response that fails to include specific factual and legal details will not be considered.
Upon filing of the Debtor's response to the objection to confirmation (or approval) the Court, at its
discretion, may schedule a confirmation hearing or rule without further notice or hearing.

1.        If the Debtor fails to file a timely response to the objection to confirmation or
            files a response that lacks specific factual and legal details, the Court will
            enter an order sustaining the objection and denying confirmation (or approval)
            of the Debtor's plan, and the Debtor will be ordered to file an amended plan in
            21 days.

2.        If the objection to confirmation (or approval) is settled, the parties must notify
            the Courtroom Department of the settlement or file an amended plan, prior
            to the expiration of the Debtor's response deadline.

All objections/resistances shall set forth the specific factual and legal basis for  the
objection/resistance and conclude with the particular request for relief.  If an objection/
resistance is filed without the specific factual and legal basis included, the matter will be
submitted to the Judge without a hearing.

Dated:        3/18/2010

                                    Mark Whetstone
                                    Karil Whetstone
                                    Debtor(s)

                         By: /s/ Wesley H. Bain
                                Wesley H. Bain, #23620
                                John Turco Law Offices
                                2580 South 90th Street
                                Omaha, Nebraska  68124-2050
                                Voice:  (402) 933-8600
                                Fax:    (402) 934-2848
                                Attorney for Debtor(s)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

IN THE MATTER OF:                    )        CASE NO:   10-80713
                                     )
Mark Whetstone                       )        CHAPTER 13
Karil Whetstone              ,       )
                                     )
              Debtor(s).             )

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the described documents:

1)  _____ CHAPTER 13 PLAN _____ ,

2)  _____ NOTICE OF FILING _____
    _____ CHAPTER 13 PLAN _____
    _____ AND NOTICE OF TIME FOR FILING RESISTANCES/OBJECTIONS _____

were mailed via U.S. Mail, postage prepaid, on ___3/18/2010___ , to all creditors and parties in interest
listed on Exhibit "A" attached hereto.

                          /s/ Wesley H. Bain
                          Wesley H. Bain, #23620
                          John Turco Law Offices
                          2580 South 90th Street
                          Omaha, Nebraska 68124-2050
                          Voice:  (402) 933-8600
                          Fax:    (402) 934-2848

Accounts Receivable Mg
155 Mid Atlantic Parkway
Thorofare, NJ 08086

Anesthesia West, PC
7822 Davenport Street
Omaha, NE 68114-3629

Atlantic Crd
PO Box 13386
Roanoke, VA 24033

Carlos A Monzon
1111 Lincoln Mall, Suite 300
Lincoln, NE 68508

Creighton Medical Associates
PO Box 30063
Omaha, NE 68103

Douglas County Attorney
428 Hall of Justice
Omaha, NE 68183

FCNB/MASTERTRUST
PO BOX 34 12
Omaha, NE 68197

H  R Accounts Inc
Po Box 672
Moline, IL 61265

Hsbc/rs
Attn: Bankruptcy
Po Box 5263
Carol Stream, IL 60197

MARK MILONE, MD, PC
PO Box 4892
Omaha, NE 68104-3492

AFNI, Inc.
404 Brock Drive
PO Box 3427
Bloomington, IL 61702-3427

Asset Management Professionals, LLC
P.O. Box 2824
Woodstock, GA 30188

Beneficial/HSBC
PO Box 5263
Carol Stream, IL 60197

Central Credit Flagsta
8433 N Black Canyon Hwy
Phoenix, AZ 85021

Critical Care Associates
900 S. 74th Plaza, Ste. 108
Omaha, NE 68114

Douglas County Treasurer
HO3 Civic Center
1819 Farnam Street
Omaha, NE 68183-0003

General Service Bureau, Inc.
8429 Blondo Street
Omaha, NE 68134-6200

H  R Accounts, Inc.
PO Box 672
Moline, IL 61266

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

Medco Health Solutions, Inc.
5701 East Hillsborough Ave. Ste 1300
Tampa, FL 33610

Alegent Health
Midlands Community Hospital
6520 Sorensen Parkway
Omaha, NE 68152-2138

AT T Wireless
P O Box 8220
Aurora, IL 60572-8220

Capital Management Services, LP
726 Exchange Street, Suite 700
Buffalo, NY 14210

Christopher K Loftus
6681 Country Club Dr.
Minneapolis, MN 55427

Dennis P. Lee, Attorney
PO Box 45947
Omaha, NE 68145

Empi, Inc
P.O. Box 71519
Chicago, IL 60694-1519

Goldner Cooper Cotton Sundell Frankel
8901 West Dodge Rd Ste 210
Omaha, NE 68114

Hauge Associates, Inc.
PO Box 88610
2320 W. 49th Street
Sioux Falls, SD 57105

Marguerite Whetstone
17475 Frances Street, Apt 1029
Omaha, NE 68130-2387

Medicredit Corp
3620 I 70 Dr Se Ste C
Columbia, MO 65201

Merchant Credit Adjusters, Inc.
17055 Frances St, Ste 100
Omaha, NE 68130

Merchants Credit Adjst
17055 Frances St, Ste 100
Omaha, NE 68130

Methodist Physicians Clinic
PO Box 3755
Omaha, NE 68103

MIDWEST GASTROINTESTINAL ASSOC.PC
8021 CASS STREET
Omaha, NE 68114-3525

Midwest Pulmonary Critical Care
PO Box 31565
Omaha, NE 68132

Nebraska Cardiac Care PC
PO Box 24223
Omaha, NE 68124-0223

Nebraska Heart Institute PC
Attn: Financial Resources Advisor
PO Box 82585
Lincoln, NE 68501-2585

Omaha Fcu
3001 S 82nd Ave
Omaha, NE 68124

Penn Credit Corporatio
916 S 14th St
Harrisburg, PA 17104

Penn Credit Corporation
PO Box 988
Harrisburg, PA 17108-0988

Pinnacle Financial Gro
7825 Washington Ave S St
Minneapolis, MN 55439

Professional Anesthesia Services LLP
PO Box 2179
Omaha, NE 68103-2179

Professional Choice Recovery, Inc.
P.O. Box 5234
Lincoln, NE 68505-0234

QVC
Studio Park
West Chester, PA 19380-4262

Radiology Consultants, PC
PO Box 4460
Omaha, NE 68104-0460

Rjm Acq Llc
575 Underhill Blvd Ste 2
Syosset, NY 11791

The Affiliated Group I
3055 41st St Nw St
Rochester, MN 55903

The Bridge System
Division of Hauge Associates, Inc.
1200 Valley West Dr.
West Des Moines, IA 50266-1902

The Nebraska Medical Center
Patient Services
Nebraska Medical Center
987250
Omaha, NE 68198

The Urology Center
111 South 90th Street
Omaha, NE 68114

Wells Fargo Hm Mortgag
405 Sw 5th St
Des Moines, IA 50309

West Asset Management
2253 Nothwest Parkway
Marietta, GA 30067