UNITED STATES BANKRUPTCY COURT
District of Nebraska (Omaha Office)

IN RE:

Mark J. Whetstone

Karil A. Whetstone                :    Case No. 10-80713
                                       Chapter 13
　　　　Debtors.            :

:    **APPLICATION BY DEBTOR TO EMPLOY SPECIAL COUNSEL**

Now comes the Debtor, through counsel of record Wesley H. Bain, Jr., and hereby applies to the Court to employ Clark, Burnett, Love & Lee, G.P., "CBLL", for the purpose of representing Debtor in a personal injury claim.

The Debtor represents the following:

1.　　Debtor is involved in a settlement arising from a personal injury claim.

2.　　It is necessary that the Debtor employ an attorney in connection with the administration of this bankruptcy estate for the following reasons:

　　　　a.　　To collect settlement proceeds from a confidential Pharmaceutical Aggregate Settlement (the "Settlement");

　　　　b.　　To further perform reasonable and necessary legal services as required.

3.　　Debtor reasonably believes that it is in the best interests of this bankruptcy estate, to have counsel who is familiar with both the particular aspects of the Debtor's case and the general aspects of the Settlement to provide The Court with relevant settlement information to facilitate the efficient administration of Settlement proceeds through the estate in such a manner as is consistent with Federal bankruptcy laws and the Settlement.

4.　　Debtor states that Clark, Burnett, Love & Lee, G.P., "CBLL" is a law firm whose attorneys are duly admitted to practice and are counsel of record in the 23rd Judicial District of Wharton County, Texas. Debtor submits that CBLL is qualified to act as attorney in connection with the administration of this bankruptcy estate asset.

5.   Debtor states that CBLL does not represent any interest adverse to the estate of the bankrupt.

6.   Debtor states that CBLL has had contact with the bankrupts, or their respective attorneys, only as required to represent the bankrupts in the Settlement, and/or the underlying action giving rise to settlement.

7.   Debtor submits that it will be economical and consistent with the purposes and policies of the Bankruptcy Code that Debtor be authorized to retain CBLL as attorney herein. This retention, if authorized, will enable a cohesive, unitary administration of the bankrupt estate through an integrated approach to the Settlement as it relates to the bankruptcy estate. This approach will inure to the benefit of said estate and its creditors.

8.   Pursuant to Rule 2014, Debtor hereby designates CBLL as its case attorney for the above-referenced Chapter 13 estate with compensation arrangements and source of payment as follows:

   a.   CBLL entered into a contingent fee agreement with Debtor, attached hereto as Exhibit A.

   b.   The contingent fee agreement results in CBLL receiving as its compensation for such representation, the contingent fee percent of 40% of the total or gross sum recovered in the Settlement, plus any expenses advanced by CBLL.

9.   In connection with its representation of this Chapter 13 estate, CBLL shall render all legal services necessary and customary in the representation of a Chapter 13 estate. The professional services of Blake A. Deady, of CBLL, with respect to the administration of the Settlement, include, but are not limited to:

   a.   Giving the estate and Applicant advice with respect to its power and duties as Trustee in the administration of the settlement asset for the Debtor's estate asset (from settlement);

  b. Taking necessary action to prevent the foreclosure or depletion of the estate's settlement asset; and

  c. Performing all other legal services for the estate which may be necessary to integrate settlement information with the Debtor's estate.

10. It is necessary for the Debtor to employ an attorney for such professional services to ensure the efficient administration of this settlement and estate asset.

11. In support of this Application for Employment of CBLL as counsel for the above-referenced Chapter 13 estate, Applicant files the Affidavit of Blake A. Deady, of CBLL. A copy of that Affidavit complying with the requirements set forth in Rule 2014 and Rule 5002 is attached hereto as Exhibit B.

12. This Application is not made at the recommendation of any party and is made solely at the instance of the Debtor.

WHEREFORE, the debtor requests that the employment of CBLL as attorney for the debtor in his/her case be approved and that CBLL be authorized to be compensated pursuant to Federal Rule of Bankruptcy Procedure 2016.

*/s/ Wesley H. Bain, Jr.*
Wesley H. Bain, Jr.
Debtor's Attorney

## NOTICE

Notice is hereby given to all Creditors and parties in interest that they have twenty-one (21) days from the date of this Notice to object to the above requested relief. Objections must be in writing and served upon counsel listed above and filed with the Clerk of this Court. Should no objections be filed then the court may grant the relief requested without further notice.

_____
Wesley H. Bain, Jr.
Debtor's attorney

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Application was served upon the parties listed below on this 18th day of June 2014.

_____
Wesley H. Bain, Jr.
Debtor's attorney

[Parties Served]

All creditors on the attached list.

## CONTINGENT FEE AGREEMENT

I, Mark Whetstone, hereby retain and employ Joseph P. Simon, LLC., and Matthews & Associates as my attorney(s) to prosecute and/or settle any and all claims for all damages arising from my use of _____. In consideration for services rendered and to be rendered, I agree to pay to my attorney a sum equal to forty percent (40%) of all claim recoveries whether by settlement, trial or otherwise.

My attorney(s) will advance all of the costs of prosecuting this case, including filing fees, medical record collection, deposition costs, etc. I agree to reimburse my attorney(s) any costs that he/they may incur in prosecuting my case, but only in the event he/they obtain a recovery on my behalf. If a recovery is not obtained on my behalf, I understand that I will not be liable or responsible for any costs, billable hours, etc., incurred on my behalf.

I understand that one (1) year after the completion of my case my file will be destroyed unless I instruct my attorney otherwise.

My attorney(s) has/have the right, with notice, to withdraw at any time from representation at his/their discretion. My attorney(s) may associate with co-counsel at his/their discretion. In the event of such an association, the percentage of the recovery charged to me will not change or be increased. Under any circumstance, the fee charged to me is capped at the percentage as stated above.

ACCEPTED: _/s/ Mark Whetstone_

Mark Whetstone

DATE: 1-31-11